| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**HILL WALLACK LLP**<br>Elizabeth K. Holdren, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: eholdren@hillwallack.com<br>*Attorneys for NewRez LLC d/b/a Shellpoint Mortgage Servicing* | Order Filed on May 26, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Terrance Mills<br>and<br>Aisha Mills<br><br>            Debtors. | Case No.: 19-27375-ABA<br>Chapter: 7<br>Hearing Date: May 26, 2020<br>Judge: Andrew B. Altenburg Jr., U.S.B.J |

Recommended Local Form    ☐ Followed    ☒ Modified

## ORDER VACATING AUTOMATIC STAY

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: May 26, 2020**

*/s/ Andrew B. Altenburg, Jr.*
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Debtor: Terrance Mills and Aisha Mills
Case No.:19-27375-ABA
Caption of Order: Order Vacating Automatic Stay

---

Upon the Motion of NewRez, LLC d/b/a Shellpoint Mortgage Servicing, on behalf of itself and its successors and/or assigns (hereinafter collectively "Secured Creditor" and/or "Movant"), under Bankruptcy Code Section 362(d) for relief from the automatic stay as to certain real property as hereinafter set forth, and for cause shown,

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's right in the following:

Real property more fully described as: 1909 Greenwood Drive, Lindenwold, NJ 08021, also known as Unit Number 1909 in the Village of Timbercreek Condominium recorded in Camden County also known as Block 240, Lot 905C1909 in the City of Lindenwold, County of Camden, State of New Jersey.

It is further ORDERED that the Movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the Movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

It is further ORDERED that all communications sent by Movant in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

The movant shall serve this Order on the debtor(s), any trustee and any other party who entered an appearance on the motion.